1
2
3
4
5                          **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7

8   DAVID BAUDOIN, et al.,                    2:12-CV-114 JCM (CWH)

9                Plaintiffs,

10  v.

11  LENDER PROCESSING SERVICES,
12  et al.,

13                Defendants.

14

15                                **ORDER**

16        Presently before the court is defendants Bank of America Corporation ("BAC"), Bank of

17  America, N.A. ("BANA"), and ReconTrust Company, N.A.'s ("ReconTrust") motion to dismiss

18  pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. #54).  Plaintiffs have filed an opposition (doc. #119), to

19  which defendants have replied (doc. #138).

20        Additionally before the court are motions to dismiss filed by defendants Lender Processing

21  Services, Inc. ("LPS"), LPS Default Solutions, and LSI Title Company (doc. #55); Wells Fargo

22  Bank, N.A. (doc. #108); OneWest Bank FSB (doc. #62); and Regional Service Corporation, Quality

23  Loan Service Corporation, and National Default Servicing Corporation (doc. #85). Plaintiffs have

24  filed oppositions to each respective motion (docs. #116, 120, 118, 117), and each defendant has filed

25  a reply (docs. #135, 137, 134, 136).

26        The court finds dismissal appropriate because the claims alleging improper notices of default

27  are untimely and the Nevada Deceptive Trade Practices Act is inapplicable.

28

**James C. Mahan**
**U.S. District Judge**

1  **I.    Background**

2          The facts, as alleged in the complaint, establish that, from at least 2006 through 2010,

3  defendant LPS executed various foreclosure and mortgage-related documents, including notices of

4  default, on behalf of its servicer-clients (the remaining defendants in this suit). Compl. ¶ 31.

5          Plaintiffs allege that LPS instructed employees to forge and fraudulently notarize tens of

6  thousands of mortgage-related documents, aware that servicers and courts would rely on these

7  documents to foreclose on homes in Nevada. *Id.* ¶ 36, 37. Plaintiff alleges that the servicers relied

8  on these faulty documents to either foreclose on Nevada homeowners or proceed with the foreclosure

9  process. *Id.* ¶ 39.

10         Plaintiffs explain that the faulty documents falsely represent that: they had been executed in

11 the presence of a notary (when they had not); that they had been executed in the presence of a

12 witness (when they had not); that the employee signing the document was under oath at the time of

13 execution (when he or she was not); or that the signing employees possessed personal knowledge

14 of the facts to which the document attested (when the employees either did not review the document

15 or did not possess the requisite personal knowledge). *Id.* ¶ 40.

16         Plaintiffs are each mortgagors who have received notices of default in connection with their

17 loans. *See e.g., id.* ¶ 44. Plaintiffs allege that the notices of default executed on their properties

18 contained some or all of the above defects, and that those notices were relied upon by the servicer-

19 defendants to proceed with the foreclosure process. *See, e.g., id.* ¶ 46, 47.

20         Plaintiffs allege that defendants did not have properly executed notices of default for

21 plaintiffs and therefore lacked the authority to foreclose or to continue with the foreclosure process.

22 *Id.* ¶ 69. Plaintiffs allege five separate causes of action: (1) declaratory relief; (2) injunctive relief;

23 (3) violations of NRS 107.080; (4) violations of the Nevada Deceptive Trade Practices Act, NRS §

24 598, *et seq.* ("NDTPA"); and (5) vicarious liability.[1]

25 _____

26         [1] The first (declaratory relief) and second (injunctive relief) causes of action are not
   recognized as causes of action in Nevada. Injunctive relief and declaratory relief are remedies, not
27 claims. *See Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715, *3 (D. Nev. Nov. 19, 2010)
   (injunctive relief not a cause of action); *Aguilar v. WMC Mortg. Corp.*, 2010 WL 198951, *4 (D.
28

**James C. Mahan**
**U.S. District Judge**                                      - 2 -

1    **II.**     **Discussion**

2          *A.     Legal Standard*

3          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

4    be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

5    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

6    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

7    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

8    of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478

9    U.S. 265, 286 (1986)). The statement of the claim is intended to "give the defendant fair notice of

10   what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations

11   omitted).  "Factual allegations must be enough to rise above the speculative level." *Id.*

12         Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action

13   that "fail[] to state a claim upon which relief can be granted." Courts must "accept all factual

14   allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

15   (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state

16   a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

17         In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

18   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

19   in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 1950.

20   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

21   suffice. *Id.* at 1949.  Second, the court must consider whether the factual allegations in the complaint

22   allege a plausible claim for relief.  *Id.* at 1950.  A claim is facially plausible when plaintiff's

23   complaint alleges facts that allows the court to draw a reasonable inference that defendant is liable

24   for the alleged misconduct. *Id.* at 1949.  Where the complaint does not permit the court to infer more

25   than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the

26

27   Nev. Jan. 15, 2010) (declaratory relief not a cause of action). Accordingly, these "causes of action"

28   are dismissed.

**James C. Mahan**
**U.S. District Judge**                                    - 3 -

1   pleader is entitled to relief." *Id.* (internal

2   quotations omitted). When the claims in a complaint have not crossed the line from conceivable to

3   plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

4       B.      Analysis

5       Third Cause of Action: Violations of NRS 107.080

6       Nevada Revised Statute Chapter 107.080 permits a court to void a foreclosure sale if the sale

7   did not comply with the requirements of the statute. A prerequisite to voiding such a wrongful sale

8   is that the sale actually take place. *See Parker v. Greenpoint Mortg. Funding* Inc., No. 3:11-cv-

9   00039-ECR-RAM, 2011 WL 2923949, *8 (D. Nev. July 15, 2011) ("Plaintiff's claim for wrongful

10  foreclosure is premature and not actionable" because the property has not yet been sold and "a claim

11  for wrongful foreclosure does not arise until the power of sale is exercised."). Moreover, once a

12  property is sold at a foreclosure sale, the plaintiff must bring an action to set the sale aside within

13  90 days. *See* NRS § 107.080(5).

14      Here, only one plaintiff, Quint Rumbo, has suffered a foreclosure sale.  That sale  took place

15  on September 20, 2010, well over 90 days prior to the December, 2011, filing of plaintiffs' action.

16  The remaining plaintiffs have not had their homes sold as of yet. Accordingly, this claim is time-

17  barred as to Rumbo and premature as to the remaining defendants.

18      Fourth Cause of Action: Deceptive Trade Practices

19      Many courts have recognized that the Nevada Deceptive Trade Practices Act does not apply

20  to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank,*

21  *N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598

22  . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander*

23  *v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010)

24  ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [

25  N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage*

26  *Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a

27  mortgage foreclosure").

28

**James C. Mahan**
**U.S. District Judge**

1   Subsection 598.0915 prohibits making knowingly false representations in business

2   transactions involving the sale or lease of "goods or services." See NRS § 598.0915. The only clause

3   of the statute that is not specifically limited to transactions involving "goods or services" is

4   subsection 15, the catch-all provision. Subsection 15 prohibits "knowingly mak[ing] any other false

5   representation in a transaction." NRS § 598.0915(15). Pursuant to the doctrine of *ejusdem generis*,

6   the court construes the broad descriptor "transaction" found in subsection 15 as limited to the

7   specific types of transactions involving the sale or lease of goods or services found in the preceding

8   subsections of the statute. As the transaction at issue did not involve the sale or lease of goods or

9   services, a claim under NRS § 598.0915 is not viable.

10   <u>Fifth Cause of Action: Vicarious Liability</u>

11   Vicarious liability is predicated on the condition that acts of an agent or employee have

12   caused harm or injury. *See* NRS § 41.745. Here, plaintiffs have alleged that LPS was acting under

13   the control and/or direction of each of the remaining defendants. Therefore, plaintiffs seek to hold

14   the remaining defendants liable in their fifth cause of action for LPS' alleged violations of NRS

15   017.080 and the NDTPA. However, as explained above, plaintiffs have failed to state a claim against

16   LPS in both the third and fourth causes of action, rendering their fifth cause of action without merit.

17   *Bagge v. Baxter*, 1990 WL 160994, *2 (9th Cir. 1990) (explaining that where underlying claims

18   against agent fail, the vicarious liability theory must also fail).

19   **III.   Conclusion**

20   For the forgoing reasons, the court finds it appropriate to grant the motion and thereby

21   dismiss the complaint.

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Accordingly,

2         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motions to

3    dismiss (docs. #54, 55, 62, 85, 108) be, and the same hereby are, GRANTED.

4         DATED June 21, 2012.

5

6    _____

7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge